FILED

2014 Jul-16  PM 04:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TAMMY L. LUCIO, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | Case No.:  2:13-CV-1970-RDP |
| | } | |
| CITY OF TARRANT, ALABAMA, et al., | } | |
| | } | |
| **Defendants.** | } | |

**MEMORANDUM OPINION**

This matter is before the court on Defendant Reno's Motion to Dismiss the Amended Complaint. (Doc. # 63).  The matter has been fully briefed.  (Docs. # 72 and 75).

**I.      Relevant Background and Facts**

On or about September 19, 2011, Plaintiff Tammy L. Lucio was taken into custody for disorderly conduct and was transported to the City of Tarrant Jail.  (Doc. # 56 at 5). While there, Plaintiff alleges that Defendant Smith pushed her, causing her to break her arm.  Thereafter, among other things, Plaintiff alleges that she was denied medical attention for her arm, despite repeated requests for same, which she claims caused permanent damage.  (Doc. # 56).

Plaintiff filed her original Complaint against City of Tarrant in state court on September 19, 2013.  (Doc. # 1-1).  Plaintiff's original Complaint listed fictitious defendants F,G and H, but did not name Defendant Reno or the City of Tarrant's Chief of Police (even generically).  (Doc. # 1-1).  Over two years later, on December 30, 2013, Plaintiff filed an Amended Complaint in which she named Defendant Reno for the first time.  Defendant Reno argues that Plaintiff's claims against him are barred by the two-year statute of limitations.  (Doc. # 63).  Plaintiff argues

that her amendment relates back to the filing of the original complaint because she included fictitious parties.  (Doc. # 72).

## II.        Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the speculative level."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations.  *Twombly*, 550 U.S. at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

Under *Twombly*, Plaintiff's Amended Complaint must present plausible theories of liability and allege specific facts establishing each claim.  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

2

The Supreme Court has identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 129 S. Ct. at 1950. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Application of the facial plausibility standard involves two steps. Under one prong, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under the other prong, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

## III.    Discussion

### A.    Statute of Limitations

Defendant Reno argues, and Plaintiff does not dispute, that the applicable statute of limitations for Plaintiff's § 1983 claims and her negligence claim is two years. Plaintiff's Amended Complaint naming Defendant Reno was not filed within two years of the actions on which the Complaint is based. Alabama Rules of Civil Procedure 9(h) and 15(c)(4) "'allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted.'" *Ex parte Chemical Lime of Alabama, Inc.,* 916 So.2d 594, 597 (Ala. 2005) (quoting *Fulmer v. Clark Equip. Co.*, 654 So.2d 45, 46 (Ala. 1995)). However, in order to invoke the relation-back principle of Rule 15(c) in regard to fictitious-party

practice under Rule 9(h), a plaintiff (1) must state a cause of action against the party named fictitiously in the body of the original complaint and (2) must be ignorant of the identity of the fictitiously named party, in the sense of having no knowledge at the time of the filing that the later-named party was in fact the party intended to be sued. *Ex parte Hensel Phelps Constr. Co.*, 7 So.3d 999, 1002–03 (Ala. 2008); *Crawford v. Sundback*, 678 So.2d 1057, 1059 (Ala. 1996). *"[I]t is incumbent upon the plaintiff to exercise due diligence to determine the true identity of defendants both before and after filing the original complaint." Ex parte Hensel Phelps Constr. Co.*, 7 So.3d at 1002–03 (quoting *Crawford*, 678 So.2d at 1060) (emphasis in original).

In her original Complaint, Plaintiff alleges in Count Three that "fictitious party defendants 1-8 whose true name is otherwise unknown but will be substituted by amendment when ascertained failed to monitor the activities of the law enforcement officers and negligently failed to properly supervise their activities and conduct." (Doc. # 1-1 at 9). It goes without saying that the Chief of Police fits neatly within this description. However, for over three months after the statute of limitations had run, Plaintiff did not amend her Complaint to properly name the Chief of Police either in name or by title. As Defendant Reno correctly notes, Plaintiff was able to ascertain the identity of the Chief of Police of the City of Tarrant with no more than minimal effort. Based on the facts before the court, it cannot be said that Plaintiff exercised due diligence to determine the true identity of Defendant Reno either before or after the filing of her original complaint. *Ex parte Hensel Phelps Constr. Co*., 7 So.3d at 1003. Therefore, Plaintiff may not avoid the bar of the statute of limitations under these circumstances and her 1983 Claim and Negligence claims against Defendant Reno are due to be dismissed as time barred.

Despite this holding, the court will address alternative grounds for the dismissal of certain claims below.

### B.     Official Capacity Section 1983 Claims

Plaintiff purports to sue all of the individual defendants in both their individual and official capacities.  (Doc. # 56).  Plaintiff's "official capacity" section 1983 claims against all Defendants are due to be dismissed because these claims are, in actuality, claims against the City of Tarrant itself.  "[O]fficial capacity suits generally represent only another way of pleading an action against the entity of which an officer is an agent." *Brandon v. Holt*, 469 U.S. 464, 472 n. 21 (1985).  Suits against an individual acting in his official capacity impose liability on the governmental entity the official represents.  *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("Because suits against a municipal officer sued in his official capacity and direct suits are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly. . . ."). Because Plaintiff's official capacity section 1983 claims against Defendants are claims against the City, they are due to be dismissed as duplicative of her claims against the City.

### C.     Negligent Hiring, Training and/or Supervision

Plaintiff's Negligent Hiring, Training and/or Supervision Claim is also due to be dismissed in its entirety.  Alabama does not recognize a cause of action for a supervisor's negligent training or supervision of a subordinate. *See e.g., Doe v. City of Demopolis*, 799 F.Supp.2d 1300, 1312 (S.D. Ala. 2011) ("Alabama law does not recognize a cause of action against a supervisor or municipality for negligent training or supervision."); *Ott v. City of Mobile,* 169 F.Supp.2d 1301, 1314-15 (S.D. Ala. 2001) (dismissing a negligent retention, training, and supervision claim against a municipality because "Alabama recognizes no cause of action against a supervisor for negligent failure to supervise or train a subordinate. . . .").

In a similar action in the Middle District of Alabama, the court granted summary judgment in favor a city police chief on a state law claim for negligent training, supervision, and retention. *See Borton v. City of Dothan*, 734 F.Supp.2d 1237, 1262 (M.D. Ala. 2010) (emphasis added). The *Borton* court reached its conclusion after citing the general rule that a police chief could not be liable for negligent training or supervision because "no such cause of action exists under Alabama law. . . ." *Borton*, 734 F.Supp.2d at 1258 (citing *Hamilton v. City of Jackson*, 508 F. Supp. 2d 1045, 1054-58 (S.D. Ala. 2007)); *see also Crutcher v. Vickers*, 2012 WL 3860557, *13 (N.D. Ala. 2012).   Accordingly, Plaintiff's claim for negligent hiring, training, and supervision fails to state claim upon which relief can be granted and is due to be dismissed.

**D.      Assault[1]**

Defendant Reno did not move to dismiss Plaintiff's Assault claim, which is understandable because it is unclear against whom this claim has been asserted.  However, what is clear is that, in any event, an assault claim against Reno cannot lie.  Not only has Plaintiff not alleged any actions by Defendant Reno which could possibly constitute assault, but also he is entitled to state agent immunity.  Ala. Code § 6–5–338.  By enacting § 6–5–338, the Legislature intended to afford municipal law-enforcement officials the immunity enjoyed by their state counterparts.  *Ex parte Dixon*, 55 So.3d 1171, 1176 (Ala. 2010); *Sheth v. Webster*, 145 F.3d 1231, 1237 (11th Cir. 1998).  By its terms, the statute extends state-agent immunity to peace officers performing discretionary functions within the line and scope of their law-enforcement duties.  *Ex parte Dixon*, 55 So.3d at 1176; *Moore v. Crocker*, 852 So.2d 89, 90 (Ala. 2002). Therefore, this claim, to the extent is it stated against Defendant Reno, is also due to be dismissed.

---

[1] The statute of limitations for assault is six years. *Hoff v. Goyer*, 2014 WL 1646396 *4 (Ala.Civ.App., 2014).

## IV.      Conclusion

For the foregoing reasons, Defendant Reno's Motion to Dismiss (Doc. # 63) is due to be granted.  A separate order will be entered.

**DONE** and **ORDERED** this July 16, 2014.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE